# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

JOHN B. JACKSON,                      :

        Petitioner,          :
                                  CASE NO. 3:11 CV 1228

        v.                   :

WARDEN, TOLEDO CORRECTIONAL           :   MAGISTRATE'S REPORT AND
INSTITUTION,                              RECOMMENDATION

                             :

        Respondent.

## I. INTRODUCTION

This case, filed pursuant to 28 U. S. C. § 2254, was automatically referred to the undersigned

Magistrate Judge for report and recommendation pursuant to 72.2(b)(2) of the UNITED STATES DISTRICT

COURT NORTHERN DISTRICT OF OHIO LOCAL CIVIL RULES.  Pending are Petitioner's Motion to Stay and

Respondent's Opposition to the Motion to Stay (Docket Nos. 10 & 11) and the Petition for Writ of

Habeas Corpus and Respondent's Return of Writ (Docket Nos. 1 & 9).  For the reasons that follow,

the Magistrate recommends that the Court deny the Motion to Stay and deny the Petition for Writ

of Habeas Corpus.

## II. PROCEDURAL BACKGROUND.

During the January 2007 term, the Lucas County grand jury returned the following

indictment as to Petitioner:

**Count one:**    Engaging in a pattern of corrupt activity, a violation of OHIO REV. CODE §
                  2923.32(A)(1).

**Count two:**    Aggravated Robbery, a violation of OHIO REV. CODE § 2911.01(A)(1) with
                  a firearm specification, a violation of OHIO REV. CODE § 2941.145.

**Count three:**  Aggravated Robbery, a violation of OHIO REV. CODE § 2911.01(A)(1), with a firearm specification, a violation of OHIO REV. CODE § 2941.145.

(Docket No. 9, Attachment 1, pp. 4-6 of 282).

On June 18, 2007, Petitioner withdrew his previous plea of not guilty, waived all constitutional rights and entered a plea of no contest to the offenses of aggravated robbery with a firearm specification in count two and aggravated robbery in count three.  The State of Ohio agreed to dismiss count one and the firearm specification in count three.  Judge Linda J. Jennings accepted Petitioner's plea (Docket No. 9, Attachment 1, pp. 55, 59 of 282).

On July 31, 2007, Judge Jennings entered an order of sentencing which follows:

| | |
|---|---|
| **Count one:** | A *nolle prosequi* was entered on the record. |
| **Count two**: | A term of seven years. |
| **Count three:** | A term of seven years, such term to be served consecutive to the sentence in count two. |
| **Gun specification:** | A mandatory and consecutive term of three years was imposed pursuant to OHIO REV. CODE § 2929.14(D)(1). |
| **Total incarceration**: | 17 years. |

(Docket No. 9, Attachment 1, pp. 3, 82-84 of 282).

A.    DIRECT APPEAL AND APPEAL TO THE OHIO SUPREME COURT.

On August 23, 2007, Petitioner, through counsel, filed a notice of appeal to the Sixth Appellate District  from the judgment of conviction entered in the Lucas County Common Pleas Court on July 31, 2007 (Docket No. 9, Attachment 1, p. 86 of 282).  Two assignments of error were presented to the court of appeals:

| | |
|---|---|
| **1st Assignment of Error:** | Petitioner's  conviction  must  be overturned because the indictment failed to charge the *mens rea* element of the crime. |
| **2nd Assignment of Error:** | The trial court abused its discretion by sentencing Petitioner to a total of seventeen years in prison. |

(Docket No. 9, Attachment 1, p. 89 of 282).

2

On December 19, 2008, the court of appeals "e-journalized" an order affirming the conviction and sentence and finding that:

| | |
|---|---|
| **1st Assignment of Error:** | OHIO REV. CODE § 2911.01(A)(1) is a strict liability offense for which no *mens rea* needs to be proven.  Petitioner's first assignment of error was not well taken. |
| **2nd Assignment of Error**: | The trial court considered the principles and purposes of sentencing under OHIO REV. CODE § 2929.11 and the seriousness and recidivism factors under OHIO REV. CODE § 2929.12.  The trial court reviewed the necessary statutory considerations and factors and the sentence imposed was within the statutory range.  Petitioner's second assignment of error was not well taken. |

(Docket No. 9, Attachment 1, pp. 157-163 of 282).

On January 30, 2009, Petitioner, *pro se*, filed a notice of appeal and a memorandum in support of jurisdiction in the Supreme Court of Ohio (Docket No. 9, Attachment 1, pp. 165-166 of 282).  Two propositions of law were posited:

| | |
|---|---|
| **Proposition of Law 1**: | Where an indictment fails to include all the essential elements of the offense, it is a defective indictment and therefore is a structural defect in the entire court proceeding. |
| **Proposition of Law 2**: | Can an inferior court arbitrarily refuse to follow or ignore sentencing statutes when imposing a sentence? |

(Docket No. 9, Attachment 1, p. 168 of 282).

On June 3, 2009, the Supreme Court of Ohio accepted the appeal as to Proposition of Law 1, stayed the briefing schedule and ordered the decision held for the decision of the Supreme Court in *State v. Lester*, 123 Ohio St.3d 396, 399, 916 N.E.2d 1038, 1041 (2009).[1]  On December 17, 2009, the Supreme Court of Ohio affirmed the judgment of the appellate court "on the authority of *Lester*"

---

[1]

The Court was persuaded that the General Assembly, by not specifying a mens rea in OHIO REV. CODE § 2911.01(A)(1), plainly indicated its purpose to impose strict liability as to the element of displaying, brandishing, indicating possession of, or using a deadly weapon.  Accordingly, the state was not required to charge a *mens rea* for this element of the crime of aggravated robbery under OHIO REV. CODE § 2911.01(A)(1).

3

(Docket No. 9, Attachment 1, pp. 193, 197 of 282).

**B.      MOTION TO REOPEN THE APPEAL.**

On or about February 18, 2009, Petitioner, *pro se*, filed an application to reopen the appeal under OHIO APP. R. 26(B), in the court of appeals.  Petitioner requested leave to supplement the original appeal so that the request for relief, in their entirety, was as follows:

| | |
|---|---|
| 1st **Assignment of Error**: | Petitioner's conviction must be overturned because the indictment failed to charge the *mens rea* element of the crime. |
| 2nd **Assignment of Error**: | The trial court abused its discretion by sentencing Petitioner to a total of seventeen years in prison. |
| 3rd **Assignment of Error**: | Petitioner's sentence is not consistent with the sentence imposed for similar crimes committed by similar offenders. |
| 4th **Assignment of Error**: | The evidence was insufficient to support consecutive sentences where the crimes are considered allied offenses of similar import requiring Petitioner's sentence to be run concurrently and not consecutively. |
| 5th **Assignment of Error**: | Appellate counsel was ineffective in that he failed to raise that Petitioner's sentence was contrary to law and that the sentence could have been reversed on direct appeal. |

(Docket No. 9, Attachment 1, pp. 198-206 of 282).

The court of appeals decided on April 15, 2009, that Petitioner's application to reopen his appeal should be denied (Docket No. 9, Attachment 1, pp. 215-218 of 282).  Petitioner did not file an appeal in the Supreme Court of Ohio.

**C.      FIRST MOTION TO WITHDRAW PLEA.**

On September 11, 2009, Petitioner, *pro se*, filed a motion to withdraw plea in the common pleas court and asserted:

| | |
|---|---|
| **Proposition of Law 1:** | Petitioner's claims are not barred by the doctrine of *res judicata* as the judgment was not in compliance with OHIO CRIM. R. 32(C) and therefore not a final and appealable order. |
| **Proposition of Law 2:** | Petitioner's sentence fails to impose a mandatory post-release control are void. |

4

**Proposition of Law 3:**        Petitioner's plea was not knowing and voluntary.

(Docket No. 9, Attachment 1, pp. 219-229 of 282).

On April 1, 2010, the State filed an opposition (Docket No. 9, Attachment 1, pp. 231-258 of 282).

On October 1, 2010, Judge Jennings denied the motion to withdraw plea, finding it not well taken

(Docket No. 9, Attachment 1, pp. 259-260 of 282).

**D.    SECOND MOTION TO WITHDRAW PLEA.**

Petitioner, *pro se*, filed a motion to withdraw plea in the court of appeals on November 23,

2010 and a motion for leave to supplement the motion to withdraw on November 29, 2010 (Docket

No. 9, Attachment 1, pp. 261-271, 274-279 of 282).  On December 16, 2010, the court of appeals

denied the motion to withdraw for the reason that the motion was not properly before the court since

Petitioner failed to take an appeal from the trial court's entry of judgment on October 1, 2010

(Docket No. 9, Attachment 1, pp. 281-282 of 282).

### III. THE PETITION FOR WRIT OF HABEAS CORPUS

Petitioner presented four grounds for which he seeks relief:

| | |
|---|---|
| **Ground one:** | Petitioner's sentence is not consistent with sentences imposed for similar crimes committed by similar offenders. |
| **Ground two**: | The evidence was insufficient to support consecutive sentences where the crimes are considered allied offenses of similar import requiring Petitioner's sentences to run concurrently. |
| **Ground three:** | The indictment failed to charge the *mens rea* element of the crime. |
| **Ground four**: | The trial court abused its discretion by sentencing Petitioner to a total of seventeen years in prison. |

(Docket No. 1, pp. 5-7).

In addition, Petitioner seeks a stay of the proceeding while he pursues further claims in state

court and he argues that his Petition was timely filed because appellate counsel reneged on a promise

to file the habeas petition.

### IV. MOTION TO STAY

Petitioner seeks an order staying the Court's decision on habeas corpus and placing the proceedings in abeyance pending his appeal in the state court regarding the trial court's failure to advise him of mandatory terms of post-control release and the consequences of breach of the terms (Docket No. 10).

Respondent opposes the Motion to Stay proceedings for the reason that Petitioner has not shown good cause for the failure to exhaust his claims in state court. Alternately, the court should find that Petitioner's claims are not meritorious and *res judicata* precludes further state court review of Petitioner's claims.

In the seminal case of *Rhines v. Weber*, 125 S. Ct. 1528, 1535 (2005), the United States Supreme Court held:

> . . .stay and abeyance should be available only in limited circumstances. *Id.* Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. *Id.* Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Id.* (*cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State")).

The Sixth Circuit suggests that these factors should be balanced in considering whether to grant a stay: (1) whether the petitioner has demonstrated a strong likelihood of success on the merits; (2) whether he or she will suffer irreparable injury in the absence of equitable relief; (3) whether the stay will cause substantial harm to others; and (4) whether the public interest is best served by granting the stay. *In re Garner*, 612 F. 3d 533, 536 (6th Cir. 2010) (*citing Cooey (Beuke) v. Strickland*, 604 F.3d 939, 943 (6th Cir. 2010) (*quoting Cooey (Biros) v. Strickland*, 589 F.3d 210,

218 (6th Cir. 2009); *see also Michigan Coalition of Radioactive Material Users v. Griepentrog*, 945 F.2d 150, 153 (6th Cir.1991)).

Petitioner does not present a "good cause" argument for his failure to present the claim at issue to the state courts.  The Magistrate acknowledges that the failure to comply with the post-release procedures in OHIO REV. CODE § 2929.191 is not harmless error and that Petitioner has apparently taken the proper steps to obtain resentencing so that proper notification of post release control and an explanation of the consequences of the violation of post release control can be given. However, it is improbable that the case will be remanded to the trial court for purposes of resentencing him pursuant to OHIO REV. CODE § 2929.191 since at the time of sentencing, Judge Jennings engaged in a colloquy that included imposition of a five-year mandatory post-control release term and admonishment for violating the terms:

> THE COURT:  Once released from prison, you will be given five years of post-release control.  Do you understand that?
>
> A.     Yes.
>
> THE COURT:  If you violate conditions of supervision while on post-release control, the parole board could return you to prison for up to nine months of each violation for a total of 50 percent of your sentence. Do you understand that?
>
> A.     Yes.
>
> THE COURT:  If the violation is a new felony, you could receive the greater of one year or the time remaining on post-release control, plus receive a prison term for the new crime.  Do you understand that?
>
> A.     Yes.
>
> THE COURT:  Now, if granted community control at any point in your sentence and you violate the conditions of community control, you could be given a longer period under court control, receive greater restrictions, or receive a prison term from the basic range.  Do you understand that?
>
> A.     Yes.
>
> THE COURT:  Community control could last five years.  Do you understand that?

7

A.    Yes.

(Docket No. 9, Attachment 1, pp. 63-64 of 282).

Presuming that the trial or appellate court finds that Petitioner is entitled to a completely new hearing to have the resentencing corrected under OHIO REV. CODE § 2929.191, Petitioner would still be foreclosed from habeas relief.  This issue involves the application of clearly established state law.

It is well established that habeas relief is not available  for errors of state law as " it is not the province of a federal habeas case to re-examine a state-court determinations on state law questions." *Smith v. Ohio Department of Rehabilitation and Corrections*, 331 F. Supp. 2d 605, 622 (N. D. Ohio 2004) (*citing Estelle v. McGuire*, 112 S. Ct. 475, 479 (1991)).  Deferring resolution of the issues in this case pending exhaustion of a perceived error in matters of state law will not assist Petitioner with obtaining the relief requested in this habeas case.

The Magistrate recommends that this Court deny the Motion to Stay.  Discussion of the procedural and substantive merits of the Petition for Writ of Habeas Corpus follows.

### VI.  HABEAS JURISDICTION.

Under provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court has jurisdiction to consider a petition for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the grounds that he or she is in custody in violation of the Constitution or laws or treaties of the United States.  *Leslie v. Randle*, 296 F.3d 518, 521 (6th Cir. 2002) (*citing* 28 U.S.C. § 2254 (Thomson/West 2002)).  The "in custody" requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty.  *Id*. (*citing Hensley v. Municipal Court*, 93 S. Ct. 1571, 1574-1575 (1973)).

In the instant case, Petitioner was serving his sentence in the Toledo Correctional Institution.

8

Respondent is holding Petitioner in custody under a judgment and sentence of an Ohio court.  The restraint on Petitioner's liberty is a collateral consequence of his conviction sufficient to satisfy the "in custody" prerequisite to habeas corpus review.  Petitioner is seeking relief from his conviction under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.  The Magistrate finds Petitioner meets the prerequisites for habeas jurisdiction and that this Court may address the merits of Petitioner's Writ of Habeas Corpus.

### V. PETITION FOR WRIT OF HABEAS CORPUS STANDARD OF REVIEW.

When considering a petition for writ of habeas corpus, the district court is bound to apply the provisions of AEDPA in a case where the petitioner files his or her petition after AEDPA's effective date.  *Pinchon v. Myers*, 615 F.3d 631, 638 (6th Cir. 2010) (*see Woodford v. Garceau*, 123 S. Ct. 1398, 1403 (2003)).  Under AEDPA, a federal court may grant a writ of habeas corpus with respect to a "claim that was adjudicated on the merits in State court proceedings" only if the state-court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  *Id.* at 638-639 (*citing* 28 U.S.C. § 2254(d)).

"A state-court decision is contrary to clearly established federal law if the state court applies a rule that contradicts the governing law set forth in the Supreme Court's cases or if the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from that precedent."  *Id.* (*citing Joseph v. Coyle*, 469 F.3d 441, 449–450 (6th Cir. 2006) (brackets, citation, and internal quotation marks omitted)).  On the other hand, a state-court decision involves an unreasonable application of clearly established

federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case," *Id.* (*citing Williams v. Taylor*, 120 S. Ct. 1495, 1520 (2000), or if it "either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context," *Id.* (*citing Joseph, supra*, 469 F.3d at 450 (citation omitted)). This deferential standard of review applies only to claims that were adjudicated on the merits in a state court proceeding.  *Id.* (*citing Nields v. Bradshaw*, 482 F.3d 442, 449 (6th Cir. 2007) (citation and internal quotation marks omitted)).

## VI.  PROCEDURAL PREREQUISITES TO HABEAS REVIEW.

Before determining if the Court can reach the merits of the underlying constitutional claims, the Magistrate must consider whether Petitioner's filings comply with the state procedural requirements.  Three types of procedural failures may preclude federal review of claims in a habeas corpus petition:  the statute of limitations, forfeiture by failure to exhaust, and procedural default.

## A.    STATUTE OF LIMITATIONS

Petitioner argues that the statute of limitations has not commenced and it does not begin to run until such time as his conviction becomes final.  He contends that his conviction will not become final until he has been resentenced and his claims have been exhausted in the appellate court and the Supreme Court of Ohio.

Respondent is adamant that Petitioner is attempting to manipulate the one year statute of limitations by presuming that filing his unexhausted claim will change the date of his judgment. However, Petitioner's claims which commenced running ninety days following the entry of judgment by the state court of last resort.  Under 28 U. S. C. § 2244(d)(1)(A), the one year statute of limitations can be measured from the date on which judgment became final.  Respondent

concludes that the Petition is time barred because there is no statutory or equitable tolling that extends that expiration date.

Petitioner filed his Section 2254 habeas after AEDPA's effective date.  Accordingly, the AEDPA governs this Court's consideration of the statute of limitations and its application to the instant Petition.

     1.       THE STATUTE OF LIMITATIONS STANDARD OF REVIEW.

An individual in state custody has a one year statute of limitations within which to file a habeas corpus petition in federal court; the limitations period runs from the latest of four statutorily prescribed events:

> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 28 U. S. C. § 2244(d)(1)(A)- (D) (Thomson Reuters 2011).

The time during which a "properly filed" application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.  28 U. S. C. § 2244(d)(2) (Thomson Reuters 2012).  The Supreme Court has defined "properly filed" as when an application for post-conviction or other collateral review is delivered and accepted in compliance with the applicable laws and rules governing filings.  *William v. Birkett*, 670 F. 3d 729, 733 (6th Cir. 2012) (*citing Artuz v. Bennett*, 121 S. Ct. 361, 363-365 (2000)).

Under Section 2244(d)(1)(A), final judgment in a criminal case means sentence. The sentence is the judgment. *Foster v. Warden, Chillicothe Correctional Institution,* 2011 WL 10345, *2 (S. D. Ohio 2012) (*citing Berman v. United States*, 58 S. Ct. 164, 166 (1937)).

In order to invoke Section 2244(d)(1)(B), the prisoner must show that: (1) he or she was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law. *Moody v. Warden, Southern Ohio Correctional Facility,* 2009 WL 1322571, *1 (S. D. Ohio 2009) (*Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003)). Under Section 2244(d)(1)(B), a causal relationship must exist between the unconstitutional state action and being prevented from filing the petition. *Id.* (*citing Winkfield v. Bagley*, 66 Fed. Appx. 578, 583 (6th Cir. 2003) (*quoting Dunker v. Bissonnette*, 154 F. Supp.2d 95, 105 (D. Mass.2001)).

AEDPA's plain text of Section 2244(d)(1)(C) provides an extended limitation period following certain developments in the law as a result of Supreme Court decisions. Under this provision, a claim may be brought within one year from the date on which the constitutional right asserted was initially recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactive. *Broom v. Strickland,* 579 F. 3d 553, 557 (6th Cir. 2009) *cert. denied*, 130 S. Ct. 636 (2009).

Under 28 U. S. C. § 2244(d)(1)(D), the limitations period begins on the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *Cleveland v. Bradshaw*, 760 F. Supp.2d 751, 769 (N. D. Ohio 2011) (*citing* 28 U. S. C. §2244(d)(1)(D)). The limitations period under Section 2244(d)(1)(D) does not begin "when a prisoner actually understands what legal theories are available." *Id.* (*citing Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) (*accord Townsend v. Lafler,* 2004 WL 1098757 (6th Cir. 2004) (unreported), *cert. denied*, 125 S. Ct. 884 (2005) *reh'g denied*, 125 S. Ct. 1657)). Rather, the year

12

"begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *Id.* (*citing Townsend*, 2004 WL 1098757) (*see also Earls v. Hernandez*, 403 F. Supp.2d 985, 989 (C. D. Cal. 2005) (citing cases)). The petitioner bears the burden of proving that he or she exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his or her claim pursuant to 28 U.S.C. § 2244(d)(1)(D). *DiCenzi v. Rose*, 452 F. 3d 465, 469-470 (6th Cir. 2006).

       2.     **APPLICATION OF THE STATUTE OF LIMITATIONS TO THE INSTANT CASE.**

      Petitioner has invoked the Section 2244(d)(1)(A) statute of limitations trigger which means that the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. Here, the analysis of the date on which the statute of limitations is calculated begins with the final judgment entered by the Supreme Court on December 17, 2009.

      Respondent correctly observes that Petitioner was not unavoidably prevented from discovering the evidence which he wants to present at a new sentencing hearing. Petitioner cannot invoke Section 2244(d)(1)(B).

      To the extent Petitioner contends the claims are governed by Section 2244(d)(1)(C), it must be established that the legal basis for such claims was newly recognized and made retroactively applicable to cases on collateral review. Petitioner does not rely upon a United State Supreme Court case, a prerequisite for application of the limitations period set forth in Section 2244(d)(1)(C).

      Applying Section 2244(d)(1)(D) to the case, the statute of limitations commenced running with respect to the underlying claims when, in the exercise of due diligence, Petitioner discovered that he was required by Ohio law to exercise his right to appeal within thirty days after entry of the judgment of conviction and sentencing. Petitioner failed, however, to prove that he exercised due diligence in order for the statute of limitations to begin running from the date he discovered the

factual predicate of his claim.

### 3. EQUITABLE TOLLING STANDARD OF REVIEW.

Typically, equitable tolling applies only when "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (*citing Graham-Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552, 560-561 (6th Cir. 2000)). The Supreme Court recently held that the statute of limitations for habeas petitions is "subject to equitable tolling in appropriate cases." *Id.* (*citing Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010)). However, the doctrine of equitable tolling is used sparingly by federal courts. *Id.* at 784 (*see Graham-Humphreys*, 209 F.3d at 560). The party seeking equitable tolling bears the burden of proving he or she is entitled to it. *Id.* (*see Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)). A habeas petitioner is entitled to equitable tolling only if he or she can make a two-part showing: (1) he or she has pursued his or her rights diligently; and (2) some extraordinary circumstance prevented timely filing. *Id.* (*citing Holland*, 130 S. Ct. at 2562). The propriety of equitable tolling must necessarily be determined on a case-by-case basis. *Graham-Humphreys*, 209 F. 3d 552 at 561.

### 4. APPLICATION OF THE EQUITABLE TOLLING STANDARD TO THE INSTANT CASE.

Petitioner does not deny his habeas petition was untimely filed. Instead, he seeks to excuse his late filing on the ground that he was lulled into inaction by his appellate counsel's promise to prepare the request for habeas relief.

Petitioner meets the first prong of the two-part showing. He has been diligent in advocating on his own behalf and pursuing his rights. Petitioner perfected an appeal in the Ohio appellate court and even obtained Supreme Court of Ohio review of the state's failure to specify the *mens rea* in the indictment. Petitioner fails, however, to meet the second prong of the two-part showing. Even if

14

appellate counsel failed to follow through with his agreement to prepare the Petition, Petitioner has demonstrated that he is capable of pursuing his own remedies.  While Petitioner requests that the Court accord him greater leniency and latitude in considering his pleadings, he does not assert ignorance of the law.  Neither does Petitioner contend that he lacked actual nor constructive knowledge of the filing requirements.

The Magistrate does not find a causal relationship between extraordinary circumstances outside of Petitioner's control and his inability to timely file the Petition.  Since Petitioner cannot make the requisite two-part showing on which a claim of equitable tolling could rest and the lateness of the filing of his Petition for Writ of Habeas Corpus would be excused, the statute of limitations in this case is not extended beyond the one year limitation period.  At this juncture, Petitioner's claim can only survive if it is statutorily tolled.

5.    STATUTORY TOLLING STANDARD OF REVIEW.

It is well established that the one-year limitations period for filing a federal habeas petition shall run from the latest of four triggering dates as set forth in 28 U.S.C. § 2244(d)(1).  *Otto v. Warden, Hocking Correctional Facility,* 2010 WL 2991580, *1 (N. D. Ohio 2010).  The statute further provides at Section 2244(d)(2) that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted against the one-year period.  *Id.*  AEDPA's statutory tolling provision does not revive the limitations period but it does serve to pause a clock that has not yet fully expired. *Freeman v. Gamsheimer,* 2010 WL 4568760 *5 (N. D. Ohio 2010).  Once the limitations period has expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Id.* (*citing Vroman v. Brigano*, 346 F. 3d 598, 602 (6th Cir. 2003) (citation omitted)).

6.    APPLICATION OF THE STATUTORY TOLLING STANDARD TO THE INSTANT CASE.

15

Under Section 2244(d)(1)(A), Petitioner's conviction became "final" upon the expiration of the 90-day period for filing a *writ of certiorari* in the United States Supreme Court or on March 18, 2010.  Although the statute of limitations normally would have commenced running one day later on March 19, 2010, Petitioner had filed a motion to withdraw guilty plea which began on September 19, 2009 and was concluded on October 1, 2010.  Petitioner was entitled to the benefits of the statutory tolling provision of 28 U. S. C. § 2244(d)(2) based on the pending, properly filed motion to withdraw guilty plea, therefore, the statute of limitation commenced running on March 19, 2010. The limitations clock that had not fully run while the motion to withdraw guilty plea was pending in Ohio's state court, was immediately tolled for a period of 196 days.  The clock commenced running again upon the expiration of the 30-day period for filing an appeal on November 1, 2010. The statute stopped running on November 1, 2011.

At or about the time that the statute commenced running again, Petitioner filed another motion to withdraw guilty plea.  This motion which was filed on November 23, 2010 does not serve to toll the statute of limitations as it was not properly filed.  The court of appeals rejected the motion outright because Petitioner had not filed an appeal from the trial court's entry of judgment denying the motion to withdraw guilty plea.

Petitioner filed his Petition for Writ of Habeas Corpus on June 11, 2011, approximately five months prior to the expiration of the statute.  The instant Petition is timely filed and the Magistrate will proceed to address other procedural challenges to Petitioner's conviction and sentence.

**B.  FORFEITURE BY FAILURE TO EXHAUST.**

It is well-settled that an application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his or her state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to

16

protect the petitioner's rights.  *Eckert v. Warden, Lebanon Correctional Institution*, 2011 WL 3941707, *1 (S. D. Ohio 2011) (*citing* 28 U.S.C. § 2254(b)(1)).  Recognizing the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action.  *Id.* (*see* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless*, 103 S. Ct. 276, 277 (1982) (per curiam); *Picard v. Connor*, 92 S. Ct. 509, 512-513 (1971)).  Under the "fair presentation" requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the Ohio Supreme Court. *Id.* (*see O'Sullivan v. Boerckel*, 119 S. Ct. 1728, 1731 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall*, 757 F.2d 94, 97, 99–100 (6th Cir. 1985)).

If the petitioner fails to fairly present his or her claims through the requisite levels of state appellate review, but still has an avenue open to him in the state courts by which he or she may present the claims, his or her petition is subject to dismissal without prejudice for failure to exhaust state remedies.  *Id.* at *2 (*see* 28 U.S.C. § 2254(c)). Although the exhaustion requirement is not jurisdictional, and an application for writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust state remedies, *Id.* (*see* 28 U.S.C. § 2254(b)(2)), there is a strong presumption in favor of requiring exhaustion of state remedies.  *Id.* (*see Granberry v. Greer*, 107 S. Ct. 1671, 1673 (1987)).  A "mixed" petition containing both unexhausted claims and claims that have been fairly presented to the state courts is subject to dismissal without prejudice on exhaustion grounds.  *Id.* (*citing Rose v. Lundy*, 102 S. Ct. 1198, 1199, 1205 (1982)).

**C.    APPLICATION OF THE FORFEITURE BY FAILURE TO EXHAUST STANDARD TO THE INSTANT CASE.**

The Magistrate finds that Petitioner failed to fairly present grounds one and two to the appellate court on direct appeal but he did present both claims to the Supreme Court of Ohio. Petitioner meets the technical requirements for exhaustion as there are no state remedies any longer available to him as to grounds one and two.  In fact, pursuing the remedies he seeks would be futile and the state courts would be unable to provide Petitioner the relief he seeks.

Petitioner did exhaust grounds three and four, presenting these issues on direct appeal and to the Supreme Court of Ohio.  Grounds three and four are considered exhausted as the state courts have had a full and fair opportunity to review these claims.

Petitioner raised the fifth claim that counsel was ineffective at this first opportunity to do so–in an application to reopen the appeal in the appellate court.  However, he failed to present this claim to the Supreme Court of Ohio.  This claim is not considered exhausted as the appropriate state court has not had a full and fair opportunity to review this claim.  Moreover, Petitioner can no longer raise the claim in a state court.

With respect to ground six, Petitioner failed to raise such claim in either direct appeal or in the request for review by the Ohio Supreme Court.  Petitioner no longer has the right under the law of the State to raise the question presented.  Consequently, he meets the technical requirements for exhaustion and at this juncture, pursuing the remedies he seeks would be futile and the state courts would be unable to provide Petitioner the relief he seeks.

**D.    PROCEDURAL DEFAULT**

The judicially created rule of procedural default is grounded in fealty to comity values and requiring federal courts to respect state court judgments that are based on an "independent and adequate" state procedural ground.  *Coleman v. Thompson*, 111 S. Ct. 2546, 2555 (1991); *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986) (establishing a four-part test for determining whether a

procedural rule is an independent and adequate state ground).  In procedural default cases, the state court or courts reject a direct or post-conviction appeal because the defendant failed to comply with some state law or rule concerning timeliness, pleading requirements, sufficient evidence, or the like. *Id.*

When a habeas petitioner fails to obtain consideration of a claim by a state court, either due to the petitioner's failure to raise that claim before the state courts while state-court remedies are still available or due to a state procedural rule that prevents the state courts from reaching the merits of the petitioner's claim, that claim is procedurally defaulted and may not be considered by the federal court on habeas review. *Willis v. Smith*, 351 F.3d 741, 744 (6th Cir. 2003) (*citing Seymour v. Walker*, 224 F.3d 542, 549-550 (6th Cir. 2001), *cert. denied*, 121 S. Ct. 1643 (2001) (*citing Wainwright v. Sykes*, 97 S. Ct. 2497, 2502-2503, 2505-2507 (1977); *Picard v. Connor*, 92 S. Ct. 509, 512-514 (1971)); *see also Maupin, supra*, 785 F.2d at 138).  Procedural default results where three elements are satisfied:  (1) the petitioner failed to comply with a state procedural rule that is applicable to the petitioner's claim; (2) the state courts actually enforced the procedural rule in the petitioner's case; and (3) the procedural forfeiture is an "adequate and independent" state ground foreclosing review of a federal constitutional claim.  *Id.* (*citing Maupin*, *supra*, 785 F.2d at 138).

A procedural default may be excused, however, if the petitioner demonstrates "that there was cause for the default and prejudice resulting from the default, or that a miscarriage of justice will result from enforcing the procedural default in the petitioner's case." *Id.* (*citing Seymour, supra*, 224 F.3d at 550; *see also Coleman, supra*, 111 S. Ct. at 2555).  The "cause" factor requires the petitioner to show "some objective factor external to the defense [that] impeded [the defense's] efforts to comply with the State's procedural rule." *Brooks v. Tennessee*, 626 F.3d 878, 890 (6th Cir. 2010) (*citing Murray v. Carrier*, 106 S. Ct. 2639, 2644 (1986)).  Examples include "a showing that the

factual or legal basis for a claim was not reasonably available" previously, or "some interference by officials." *Id*. (citation omitted).  Regarding the "prejudice" factor, "[t]he habeas petitioner must show not merely that the errors at trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id*. (*citing Murray*, 106 S. Ct. at 2649-2650 (emphasis in original) (alterations, citation, and internal quotation marks omitted)).

In the instant case, the first element is satisfied as to grounds one, two and six in this case because Petitioner failed to comply with Ohio's longstanding law that recognizes *res judicata* as a bar to a convicted petitioner's motion for post-conviction relief based on grounds that could have been raised at trial or on direct appeal.  *State v. Brooks*, 2011 WL 4888885, ¶ 14 (2011).  The second element is satisfied because the Supreme Court of Ohio did not address the merits of grounds one, two and six, enforcing its own rules in determining jurisdiction pursuant to S. Ct. Prac. R. 3.6. The second element for ground five–ineffective assistance of counsel-is also satisfied as the application of res judicata was applied when Petitioner first raised ground five-ineffective assistance of appellate counsel in a motion filed pursuant to Ohio App. R. 26(B) in the court of appeals.  The state trial court denied that motion on the ground that Petitioner failed to raise a genuine issue as to whether he was deprived the effective assistance of counsel on appeal.

The third element is satisfied as the application of *res judicata* is clearly established and regularly followed as an adequate and independent state ground upon which to deny relief.  *Norris v. Schotten*, 146 F. 3d 314, 332 (6th Cir. 1998) *cert. denied*, 119 S. Ct. 348 (1998).  Ohio' doctrine of *res judicata* was firmly applied to Petitioner's first, second, fifth and sixth claims.

Because all three elements of the *Maupin* paradigm are satisfied, Petitioner has procedurally defaulted his first, second, fifth and sixth claims unless he can demonstrate that his default should

be excused.

The Magistrate is persuaded that Petitioner's honest belief that appellate counsel agreed to assist him with the preparation and filing of the Petition for Writ of Habeas Corpus is cause for the default. Nevertheless, Petitioner has failed to explain that reliance on appellate counsel resulted in more than the possibility that he was prejudiced by appellate counsel's failures. He has presented no proof that appellate counsel's failure to assist him somehow rendered habeas review unavailable. Neither has Petitioner demonstrated a sufficient probability that the failure to review his federal claim will result in the conviction of one who is actually innocent. Having demonstrated that none of the exceptions to excuse his default exists, grounds one, two, five and six are not amenable to habeas review.

## VII. HABEAS REVIEW OF GROUND THREE.

Petitioner presented ground three to the court of appeals and Supreme Court of Ohio. In ground three, Petitioner seeks to vacate his sentence based on an intervening change in law.

When Petitioner was indicted in January 2007 on one count of engaging in a pattern of corrupt activity and two counts of aggravated robbery with gun specifications, the indictment did not identify the requisite mental state required to impose liability. On April 9, 2008, the Supreme Court of Ohio made a pronouncement that when an indictment omits the *mens rea* element of the offense, it fails to charge the defendant with the crime. *See State v. Colon*, 118 Ohio St. 3d 26, 885 N. E. 2d 917 (2008). The court subsequently clarified the confusion created by *Colon* in *State v. Horner*, 126 Ohio St. 3d 466, 473, 935 N. E. 2d 26, 33 (2010).

Three of the court's findings in *Horner* are relevant to the resolution of ground three on habeas review. First, the Court determined that when an indictment fails to charge a *mens rea* element of the crime, but tracks the language of the criminal statute describing the offense, the

21

indictment provides the defendant with adequate notice of the charges against him and is, therefore, not defective. *Id.* at ¶ 45.

Second, failure to timely object to a defect in an indictment constitutes a waiver of the error. *Id.* at ¶ 46. Any claim of error in the indictment in such a case is limited to a plain-error review on appeal. *Id.* (*citing State v. Frazier*, 73 Ohio St. 3d 323, 652 N. E. 2d 1000 (1995); OHIO CRIM. R. 52(B)).

Third, subsection (1) of division (A) of the aggravated robbery statute, which also does not specify a mental element, is a strict-liability offense, based on the court's conclusion that OHIO REV. CODE § 2911.01(A)(1) plainly indicates a purpose to impose strict liability. *Id.* (*citing State v. Lester,* 123 Ohio St.3d 396, 2009-Ohio-4225, 916 N.E.2d 1038, ¶ 32 (2009)). By choosing language in OHIO REV. CODE § 2911.01(A)(3) that makes it a crime to merely inflict or attempt to inflict serious physical harm, as opposed to requiring a purpose or intent to injure, the General Assembly similarly has indicated its purpose to impose strict liability. *Id.* (*see State v. Wharf*, 86 Ohio St.3d at 378, 715 N.E.2d 172 (1999); *Lester, supra,* ¶ 20).

There are three reasons that Petitioner is not entitled to habeas relief on ground one. First, federal habeas relief is not available for errors of state law as it is not within the province of a federal habeas court to reexamine a state court's determinations on state law questions. *Smith, supra*, 331 F. Supp. 2d at 622 (*citing Estelle v. McGuire*, 112 S. Ct. 475, 479 (1991)).

Second, even if Petitioner stated a claim for which habeas relief can be granted, Petitioner waived all non-jurisdictional defects in the proceeding when he pleaded guilty to the charges of aggravated robbery. Guilty pleas break the chain of events which precede it in the criminal process. *Phillips v. Warden, Ohio Reformatory for Women*, 2011 WL 5389247, *4 (S. D. Ohio 2011) (*citing Tollett v. Henderson*, 93 S. Ct. 1602, 1608 (1973)). A criminal defendant may only seek to attack

the validity of his or her guilty plea by showing that under the circumstances, the guilty plea was not intelligently and voluntarily entered.  *Id*. (*see also Campbell v. Marshall*, 769 F.2d 314, 315 (S. D. Ohio 2011)).

Third, if this claim were cognizable in federal habeas, the intervening change in law would not revive Petitioner's claim.  Applying the findings of *Horner* to the case at bar, Petitioner's indictment was not defective for failure to identify a culpable mental state because the aggravated robbery statute itself did not specify a culpable mental state.  Moreover, the indictment appeared to track the language of the criminal statute describing the offense and therefore provided Petitioner with adequate notice of the charges against him.  Consequently, Petitioner could not obtain the relief requested on the merits of ground three.

### VIII. HABEAS REVIEW OF GROUND FOUR.

Petitioner presented ground four on direct appeal and to the Supreme Court of Ohio.  In both cases, he argued that the trial judge abused her discretion in sentencing him to 17 years.

The Magistrate finds that the sentences Judge Jennings imposed for aggravated robbery with a gun specification and aggravated robbery were within the statutory range of permissible sentences for felonies in the first degree.  *See* OHIO REV. CODE §2929.14(A) (Thomson Reuters 2012).  Errors in the application of the sentencing statutes do not give rise to federal habeas corpus relief to the extent that his claim of oppressive sentencing is based on matters of state law.  Petitioner has not established that his sentence was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  Petitioner has not alleged or demonstrated that the sentencing decisions were contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.  Ground four is not a cognizable ground for relief in this federal habeas corpus case.

## IX. CONCLUSION

For these reasons the Magistrate recommends that the Court deny the Motion to Stay, deny the Petition for Writ of Habeas Corpus and terminate the referral to the undersigned Magistrate Judge.

/s/Vernelis K. Armstrong
United States Magistrate Judge

Date: May 9, 2012

## VIII. NOTICE

Please take notice that as of this date the Magistrate's report and recommendation attached hereto has been filed.  Pursuant to Rule 72.3(b) of the Local Rules for Northern District of Ohio, any party may object to this report and recommendations within fourteen (14) days after being served with a copy thereof.  Failure to file a timely objection within the fourteen-day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure.  The objecting party shall file the written objections with the Clerk of Court, and serve on the Magistrate Judge and all parties, which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections.  Any party may respond to another party's objections within fourteen days after being served with a copy thereof.

Please note that the Sixth Circuit Court of Appeals determined in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals.  In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the right of appeal on the filing of timely objections to a report and recommendation.